UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION


| | | |
|---|---|---|
| TODD L. FREEMAN | ] | |
| Plaintiff, | ] | |
| | ] | No. |
| v. | ] | (No. 2:12-mc-0001) |
| | ] | Judge Sharp |
| JORDAN DAVIS, et al. | ] | |
| Defendants. | ] | |


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Wilson County Jail in Lebanon, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jordan Davis, a guard at the Smith County Jail, and Beth Davis, Administrator of the Smith County Jail, seeking injunctive relief and damages.

Prior to arriving at his present place of confinement, the plaintiff was an inmate at the Smith County Jail. On August 19, 2012, Officer Davis came into plaintiff's housing unit there and "was rude and made some remarks". The plaintiff was offended by the remarks and reported Davis to his superior.

Later, Davis returned to the plaintiff's housing unit and told inmates "that if they had a problem with the TV take it up with Todd Freeman". The plaintiff believes that this statement was intended by Davis to "try and incite violence toward me". He filed three grievances with Beth Davis that were never answered.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. <u>McFadden v. Lucas</u>, 713 F.2d 143, 147 (5th Cir.1983). Consequently, the Supreme Court has held that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. <u>Paul v. Davis</u>, 424 U.S. 693 (1976).

While Davis' statement may have seemed inflammatory to the plaintiff, he acknowledges in a grievance attached to the complaint that he was never confronted by other inmates or assaulted as a result of the statement. Moreover, the plaintiff has since been transferred to another county jail where he is safe from any potentially negative consequences arising from Davis' statement. Thus, Davis' words did not infringe upon the plaintiff's constitutional rights.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge